**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-50845
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANDERA THOMPSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-29-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Andera Thompson of possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). He was sentenced to serve 120 months in prison. On appeal he challenges the district court's (1) rejection of his hearsay objection to cellular telephone text messages, and (2) failure to exclude certain prosecutorial remarks to which he did not object at trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At trial, the Government introduced evidence that Thompson had a cellular phone on his person that contained text messages from an unknown person apparently seeking to buy drugs and referencing "fronting" drugs. Thompson contends that the text messages constituted hearsay[1] and that it was an abuse of discretion to admit them. We pretermit that question, however, because any abuse of discretion was harmless. *See United States v. Yanez Sosa*, 513 F.3d 194, 210 (5th Cir. 2008) (stating that an abuse of discretion in admitting or excluding evidence may be excused if, leaving aside the disputed evidence or remarks, the remaining evidence was substantial). Even without the text messages, there was substantial evidence of Thompson's guilt, including testimony by a person who spent the day with Thompson and observed his drug dealing and drugs found in the area of the car where Thompson was sitting when apprehended.

Thompson also argues that the prosecutor made improper and impermissible statements in rebuttal closing argument. Because Thompson did not object to the remarks at trial, review is for plain error. *United States v. Young*, 470 U.S. 1, 12 (1985). Even assuming that the prosecutor's remarks constituted obvious error, Thompson has not shown that they had the "probable effect" of preventing the jury from "judg[ing] the evidence fairly." *Id.* The evidence against Thompson was "substantial and virtually uncontradicted," *id.* at 20, and Thompson points to no reason why the jury should not be presumed to have heeded the district court's repeated instructions that remarks of counsel are not evidence. *See United States v. Gallardo-Trapero*, 185 F.3d 307, 321 (5th Cir. 1999).

AFFIRMED.

---

[1] The district court found that the messages were co-conspirator statements and, thus, not hearsay. FED. R. EVID. 801(d)(2)(E). We also note that it is questionable whether they were offered "to prove the truth of the matter asserted," FED. R. EVID. 801(c), and, thus, whether they were even governed by Rule 801. Given our harmless error analysis, we need not decide either question.